**Marvin LAMPLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80614.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 29, 2002.

Raymund J. Capelovitch, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Asst. Attorney General, Jefferson City, MO, for respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### ORDER

PER CURIAM.

Marvin Lampley (movant) appeals the judgment denying his Rule 24.035 motion for post-conviction relief.

On appeal, movant contends the motion court erred when it denied his amended post-conviction motion without an evidentiary hearing, because his plea counsel was ineffective for incorrectly advising movant that he would receive a lesser sentence or avoid a prison sentence, entirely, if he entered an *Alford* plea to the charge, and, therefore, his plea was involuntary. We affirm.

Movant entered a plea of guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the offense of possession of a controlled substance in violation of Section 195.202 RSMo 1994 (all further references herein shall be to RSMo 1994 unless otherwise indicated). Prior to sentencing, movant's counsel filed a motion to withdraw movant's *Alford* plea and reset the case for trial. The plea court found movant had entered the plea voluntarily and intelligently, denied movant's motion, and sentenced movant as a prior, persistent, and prior drug offender to twelve years of imprisonment in the Missouri Department of Corrections.

Movant timely filed a pro se Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence, and following appointment of counsel, an amended motion for post-conviction relief was filed.

The motion court denied movant's motion without an evidentiary hearing, and in its findings of fact, conclusions of law, and order found: (1) there was no reasonable basis in the record to support movant's belief that he would receive a lesser sentence or be placed on probation; (2) the plea court advised movant that it was ordering a presentence investigation with the agreement of defense counsel to learn more about movant for purposes of sentencing; (3) the range of punishment was explained as ten to twenty years; (4) movant acknowledged that the State could legitimately recommend a sentence of fifteen years; (5) movant understood the proceedings and voluntarily entered his plea; (6) movant's counsel was not ineffective; and (7) movant failed to allege facts, which, if true, would entitle him to relief.

**496**

Our review of the record on appeal reveals that the trial court's determination is not clearly erroneous. Rule 24.035(k). An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).